UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDON P. BERNDT,

                    Plaintiff,

        -against-

NEW YORK STATE TROOPERS, et al.,

                    Defendants.

1:25-CV-9213 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Brendon P. Berndt, who is currently held in the Westchester County Jail ("WCJ"), brings this action *pro se*. To proceed with a civil action in this court, a prisoner must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request permission to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application and a completed and signed prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account.[1] *See* § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is held to deduct the $350.00 filing fee from the prisoner's prison trust fund account in installments and to send to this court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff has filed his complaint and an IFP application, but he has not filed a prisoner authorization. When the court received the complaint and IFP application, it had appeared, from the Westchester County Department of Correction's "inmate lookup" search engine within its website, https://correction.westchestergov.com/westchester-inmate-search, that Plaintiff, who was held at the WCJ at the time of filing, was no longer in custody. Thus, after reviewing Plaintiff's IFP application, in an order dated November 7, 2025, the Court granted Plaintiff IFP status (ECF 4) without requiring him to pay the $350.00 filing fee installments deducted from his prison trust fund account. This was because the Court, understanding that Plaintiff had been released, also understood that there would be no prison trust fund account from which to disburse the filing-fee funds, and that Plaintiff's obligations in seeking IFP status were, as of his release, like that of non-prisoners. *See McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) (holding that "the required partial fee payments are to be made only while the prisoner remains in prison, and that, upon his release, [a prisoner's IFP] obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for IFP status," that "Congress expected the . . . payment requirement to apply to a prisoner who remains incarcerated," and noting that "the released prisoner[] lack[s] a prison account from which partial payments [can] be debited"; additionally holding that "[a] released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners").

The Court has learned, however, according to the abovementioned search engine, that Plaintiff was either never released or has been returned to the WCJ. Accordingly, because Plaintiff was in custody at the time of filing and is now in custody, his IFP obligations are again like any other prisoner. *See id.* The Court therefore vacates its November 7, 2025 order granting Plaintiff IFP status. (ECF 4.) In addition, the Court directs Plaintiff, within 30 days of the date of

2

this order, to either pay the $405.00 in fees to commence this action or complete, sign, and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 1:25-CV-9213 (LTS).[2]

**CONCLUSION**

The Court vacates its November 7, 2025 order granting Plaintiff IFP status. (ECF 4.) The Court also directs Plaintiff, within 30 days of the date of this order, to either pay the $405.00 in fees to commence this action or complete, sign, and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 1:25-CV-9213 (LTS).

No summonses shall issue at this time. If Plaintiff complies with this order, this action will be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must instead pay all the relevant fees at the time of filing any new federal civil action. *See* § 1915(g).

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

      SO ORDERED.

Dated:    January 13, 2026
            New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
              Chief United States District Judge